UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| DEPAUL CRUDUP | : | NOVEMBER 19, 2008 |

**RULING**

On April 2, 2008, this court issued an Order to Show Cause why the defendant, DePaul Crudup, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 1975. The court noted that Crudup had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. In response, Crudup has argued that he is nonetheless eligible for a sentencing reduction. See Doc. No. 2134.

At sentencing,[1] the court determined that Crudup was a career offender. Tr. at 5. Without career offender status, Crudup's offense level would have been 29 (after accounting for acceptance of responsibility), and his criminal history category VI. Id. at 4-8. As such, Crudup would have faced a guidelines range of 151-188 months' imprisonment. Because he was a career offender, however, the sentencing guidelines increased his offense level to 31 (after accounting for acceptance of responsibility), with his criminal history remaining at category VI. Id. at 5. This meant that Crudup faced a guidelines range of 188-235 months' imprisonment.

---

[1] The court has reviewed the PSR, and a transcript of the sentencing proceeding, in connection with the instant Ruling.

1

The government next made a motion for the court to downwardly depart from the sentencing guidelines, based on reasons unrelated to the quantity of cocaine attributable to Crudup.[2]  The court granted this Motion for reasons provided by the government pursuant to Fed. R. Crim. P. 32, and agreed to downwardly depart.  In light of that decision to depart, and after weighing all of the factors under 18 U.S.C. § 3553(a), the court imposed a sentence of 100 months imprisonment.

In his Response to the Show Cause Order, Crudup acknowledges that, in light of his career offender status, his guidelines calculation was not affected by the retroactive change in the crack-cocaine guidelines.  He nonetheless argues that he is eligible for a reduction in his sentence because one of the 3553(a) factors the court considered was the need to avoid unwarranted sentencing disparities with Crudup's co-defendants.  Crudup further points out that, because many of his co-defendants' sentences were affected by the old crack quantity guidelines, his sentence was indirectly "based on" those crack quantity guidelines.  Cf. United States v. Poindexter, 550 F. Supp. 2d 578 (E.D. Pa. 2008) (discussing the "based on" language in 18 U.S.C. § 3582(c)).

In a recent Ruling, this court rejected Poindexter's analysis, explaining that the Poindexter court had failed to account for important language in USSG § 1B1.10.  See United States v. Menafee, No. 04-cr-138 (JCH), 2008 U.S. Dist. LEXIS 60765 (D. Conn. Aug. 5, 2008).  As noted in the Menafee opinion, Crudup can only be eligible for a retroactive sentence reduction if the crack-cocaine amendments "have the effect of

_____

[2] The reasons behind this Motion are reflected in a sealed portion of the transcript.

lowering the defendant's applicable guideline range" within the meaning of USSG

§ 1B1.10(a)(2)(B).  Menafee, 2008 U.S. Dist. LEXIS, at *7-12.  And as this court

explained, the "applicable guideline range" is the court's pre-departure guideline range.

Id. at *8.  Both before and after the crack-cocaine amendments, Crudup's pre-departure

guideline range is 188-235 months' imprisonment because of his career offender status.

Accordingly, he cannot qualify for a reduction.

Moreover, even if this court were to conclude that the "applicable guidelines

range" was actually the post-departure guidelines range, Crudup still would be entitled

to no reduction.  That is because the only departure Crudup received, and the extent of

that departure, had absolutely nothing to do with the crack-cocaine quantity guidelines.[3]

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 19th day of November, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] If the length of co-defendants' sentences factored into Crudup's sentence at all, they only
factored into the court's determination of whether, under Section 3553(a), it would be appropriate to
sentence Crudup within the post-departure guidelines range.